1

Mary Ann Novak, (Bar No. 202502)
mnovak@hilgersgraben.com
HILGERS GRABEN PLLC
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
Telephone: (402) 218-2106
Facsimile: (402) 413-1880

2

3

4

5

Attorney for Defendant Chin-Hsen Lin

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

ELITE SEMICONDUCTOR, INC. a Taiwan corporation,

13

     Plaintiff,

14

     v.

15

16

ANCHOR SEMICONDUCTOR, INC., a California corporation, Chin-Hsen Lin, Chen Ming Hu, Chenmin Hu and DOES 1 through 10,

17

     Defendants.

18

19

20

Case No. 5:20-cv-06846-EJD

**DEFENDANT CHIN-HSEN LIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

Hearing Date: April 22, 2021
Time: 9:00 a.m.
Courtroom: 4
Judge: Honorable Edward J. Davila

21

22

23

24

25

26

27

28

*DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION*
*CASE NO. 5:20-CV-06846-EJD*

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 22, 2021, at 9:00 a.m., in Courtroom 4 of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, California 95113, the Honorable Edward J. Davila, presiding, Defendant Chin-Hsen Lin (hereinafter, Mr. Lin) will and hereby does move for an Order dismissing this case for improper service and for lack of personal jurisdiction.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Chin-Hsen Lin, the pleadings and records on file in this action, and other such matters and argument as the Court may consider at the hearing on this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Mr. Lin was properly served where the process server left a copy of the complaint and summons with his adult son at 985 Joshua Place in Fremont, California, an address at which Mr. Lin has not resided or even visited for approximately 7 years.

2.      Whether this Court can exercise personal jurisdiction over Mr. Lin—who resides in Taiwan, worked for defendants in Taiwan, and has had no contact with the U.S. company and individuals named as co-defendants in this action.

## MEMORANDUM OF PONTS AND AUTHORITIES

**I.      INTROUCTION**

This is an action brought by Plaintiff Elite Semiconductor, Inc. ("ESI"), a Taiwanese corporation, for purported misappropriation of trade secrets and breach of contract. Mr. Lin denies that he misappropriated any trade secrets and further denies that prior to this litigation he had any knowledge of, or contact with, any of the defendants with whom he was alleged to have conspired. The Court should dismiss the claims against Mr. Lin now for lack of jurisdiction because 1) Mr. Lin has not been properly served, and 2) the Court lacks personal jurisdiction over Mr. Lin.

*DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION*
*CASE NO. 5:20-CV-06846-EJD*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.      FACTS

Mr. Lin is a resident of Taiwan. Declaration of Chin-Hsen Lin ("Lin Decl.") at ¶ 3. Mr. Lin has not lived in or traveled to the United States since 2013. *Id*. at ¶ 5. Although Mr. Lin is an owner of a residence at 985 Joshua Place, in Freemont, California, he does not live there and has not set foot inside the residence since 2013. *Id*. at ¶ 4.

Mr. Lin worked for Plaintiff, ESI, from 2009 to 2017. Lin Decl. at ¶ 6. The work Mr. Lin performed for ESI was performed in Taiwan, where ESI is based. *See id.* at ¶¶ 6-9. Mr. Lin does not now, and never has, worked for Defendant Anchor Semiconductor, Inc. *Id*. at ¶ 10. Mr. Lin does not know and has never communicated with either Defendant Chen Ming Hu or Defendant Chenmin Hu. *Id*. at ¶¶ 12-15.

## III.     ARUGMENT

### A.  This Court Lacks Jurisdiction Over Mr. Lin As Service Was Improper

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summon must be satisfied." *Omni Capital Int'l v Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). If service is challenged, the plaintiff bears the burden of establishing proper service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Upon a finding of improper service, it is within the district court's sound discretion to determine whether to quash service of process or to dismiss the case. *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

In this case, ESI purported to serve Mr. Lin via substitute service by leaving a copy of the summons and complaint at a residence located at 985 Joshua Place in Fremont, California with Mr. Lin's adult son and by thereafter mailing a copy to the same address. (Dkt. No. 22). While California law provides that, if a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, or usual mailing address," Cal. Civ Proc. Code § 415.20, this effort failed to comply with the statute for two independent reasons. First, 985 Joshua Place, Fremont, California is ***not*** Mr. Lin's dwelling house, usual place of abode, or usual mailing address. "'Dwelling house or usual place of abode'

*3*

1    means the place where the defendant holds out as his or her principal residence, and where he or

2    she is most likely to receive actual notice." *Tran v. Moss*, No. CV 12-6551-RSWL-EX, 2016 WL

3    2944296, at * 3 (C.D. Cal. May 19, 2016) (*quoting Zirbes v. Stratton*, 187 Cal. App. 3d 1407,

4    1415-17 (1986)). Though Mr. Lin is an owner of the 985 Joshua Place residence, he has not lived

5    at 985 Joshua Place (nor in the United States) since 2013. Lin Decl. at ¶ 4. He presently lives full

6    time in Taiwan. *Id*. at ¶ 3. In fact, Mr. Lin has not even set foot into the United States since he

7    moved away in 2013. *Id*. at ¶ 5. Accordingly, service was improper. *See Healthy Habits, Inc. v.*

8    *Fusion Excel Corp.*, No. CV 11-675 CAS (PLAX), 2011 WL 13217967, at *1 (C.D. Cal. Aug. 9,

9    2011) (service at a relative's U.S. address improper where defendant reside abroad); *Tran*, 2016

10   WL 2944296, at * 3 (service on relative at defendant's mother's residence was insufficient).

11          In addition, ESI's attempted service failed for the additional reason that it has provided no

12   evidence of reasonable diligence to personally serve Mr. Lin. "The California statute authorizing

13   substitute service expressly provides that such service is only permitted after reasonably diligent

14   efforts at personal service have been made." *Tran*, 2016 WL 2944296 at *3 (substitute service

15   inappropriate where plaintiff provided no facts which suggest it used reasonable diligence to

16   personally serve the defendant prior to using substituted service). Here, ESI has provided no facts

17   as to how it attempted personal service on Mr. Lin, if at all. As a result, Mr. Lin has not been

18   subject to proper service and this Court does not have jurisdiction over Mr. Lin.

19          While the Court has discretion, where service is improper, to either quash service of

20   process or dismiss the case, here dismissal is appropriate as even had Mr. Lin been properly served,

21   this Court would lack personal jurisdiction over him, as discussed more fully below.

22   **B. Even Assuming Arguendo Mr. Lin Had Been Properly Served, This Court Lacks**

23   **Personal Jurisdiction Over Mr. Lin**

24          Even if Plaintiff were to properly serve Mr. Lin in Taiwan, this Court would still lack

25   personal jurisdiction over Mr. Lin as the Court can exercise neither general nor specific jurisdiction

26   over Mr. Lin.

27          On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the

28

*4*

1   burden of establishing personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

2   797, 800 (9th Cir. 2004). When considering the motion, a Court may accept as true any

3   uncontroverted allegations in the Complaint, however, the Court need not accept as true mere

4   conclusory allegations. *Poga Mgmt Partners v. Medfiler*, C 12-06087 SBA, 2013 WL 5487343,

5   *3 (Sept. 30, 2013 N.D. Cal) *3 (collecting cases).

6          The exercise of personal jurisdiction over a nonresident defendant must be authorized

7   under the state's long-arm statute and must satisfy the due process clause of the United States

8   Constitution. "California's long-arm statute permits the exercise of personal jurisdiction 'on any

9   basis not inconsistent with the Constitution of this state or the United States.'" *Aldrich v. Nat'l*

10  *Collegiate Athletic Ass'n*, No. 5:20-CV-01733-EJD, 2020 WL 5255671, at *6 (N.D. Cal. Sept. 3,

11  2020) (quoting Cal. Code Civ. Proc. § 410.10). As a result, the Court need only analyze whether

12  jurisdiction comports with federal due process requirements. *See Schwarzenegger*, 374 F.3d at

13  801. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant

14  must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction

15  'does not offend traditional notions of fair play and substantial justice.'" *Id*. (*quoting International*

16  *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the due process analysis, a defendant

17  may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de*

18  *Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

19      **1.  General Jurisdiction**

20          The Court does not have general jurisdiction over Mr. Lin. "For general jurisdiction to exist

21  over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general

22  business contacts,' that 'approximate physical presence' in the forum state." *Schwarzenegger*, 374

23  F.3d at 801 (*quoting Helicopteros*, 466 U.S. at 416 and *Bancroft & Masters, Inc. v. Augusta Nat'l*,

24  Inc., 223 F.3d 1082, 1086 (9th Cir.2000)); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137

25  (2014) ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile

26  . . . ."). "This is an exacting standard, as it should be, because a finding of general jurisdiction

27  permits a defendant to be haled into court in the forum state to answer for any of its activities

28

5

anywhere in the world." Schwarzenegger, 374 F.3d at 801.

As discussed above, California can in no way be considered Mr. Lin's domicile. Mr. Lin is a resident of Taiwan and has not traveled to the United States since 2013. Lin Decl at ¶¶ 3, 5. Nor has ESI alleged any contacts that could remotely be considered "continuous and systematic." To the contrary, with regard to general jurisdiction, ESI states only: "This Court has general and specific jurisdiction over Defendants Lin and Chen Ming Hu and Chenmin Hu because they are residents of this jurisdiction." Complaint at ¶ 13. The Court need not accept this conclusory allegation as true, especially where it is directly contradicted by Mr. Lin's affidavit. As a result, this Court does not have general jurisdiction over Mr. Lin.

**2.  Specific Jurisdiction**

The Court also does not have specific personal jurisdiction over Mr. Lin. This Court employs a three-part test to determine whether specific jurisdiction is present:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of establishing the first two prongs. *See id*. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*.

Here, ESI cannot establish the first two prongs. While the Complaint makes a number of baseless allegations regarding Mr. Lin's purported misappropriation of trade secrets (which are vehemently disputed as Mr. Lin did not misappropriate any of ESI trade secrets), for purposes of this motion the Court need not dive into these. Instead, two pertinent facts are controlling. First, the work Mr. Lin performed for ESI was performed in Taiwan (where ESI is based), not the United States. *See* Lin Decl. at ¶¶ 6-8. In other words, all of the allegations in the Complaint relating to Mr. Lin's purported theft of trade secrets from ESI relate to conduct that occurred in Taiwan.

*6*

1  Likewise, the "Confidentiality Guarantee of Employee Leaving Office" and "Departure Clearance
2  Check List" upon which ESI basis its breach of contract claims are both documents that were
3  prepared an executed in Taiwan, where Mr. Lin had worked for ESI. Lin Decl. at ¶ 9.
4          As a result, the only plausible basis for any assertion that this Court has specific jurisdiction
5  over Mr. Lin are the allegations relating to alleged transfer of the purported trade secrets from
6  Mr. Lin to Anchor Semiconductor, Inc. ("Anchor") and the other named co-defendants. These
7  allegations, however, have no basis whatsoever. The allegations are premised on the assumption
8  that Mr. Lin left ESI to work for Anchor. *See* Complaint ¶ 51 ("ESI is informed and believes that
9  Defendant Lin made an illicit copy of the invention disclosures and took that document with him
10 as well after he left ESI to join Defendant Anchor."). But Mr. Lin did not leave ESI to go to
11 Anchor, and in fact has never worked for Anchor—a fact that may be readily determined. *See* Lin
12 Decl. at ¶ 10. Likewise, Mr. Lin has had no contact with Anchor. *Id*. at ¶ 11. Mr. Lin does not
13 know and has never spoken to either Chen Ming Hu or Chenmin Hu. *Id*. at ¶¶ 12-15. In short, Mr.
14 Lin has no connection whatsoever to Anchor and there has been no communication between
15 Anchor and Mr. Lin. Mr. Lin anticipates that Anchor and/or Dr. Chenmin Hu will readily confirm
16 this. In the absence of the alleged employment relationship—and faced Mr. Lin's sworn
17 declaration that he does not know and has not communicated with any of the co-defendants—ESI
18 cannot satisfy its burden of showing a basis upon which the Court may exercise specific
19 jurisdiction over Mr. Lin.

20 **IV.   CONCLUSION**

21         For the reasons stated above, this Court should dismiss ESI's claims against Mr. Lin for
22 want of personal jurisdiction, both because ESI failed to properly serve Mr. Lin and because ESI
23 has failed to meet its burden of showing that the Court possesses either general or specific personal
24 jurisdiction over Mr. Lin.

25
26
27
28

*DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION*
*CASE NO. 5:20-CV-06846-EJD*

DATED: January 4, 2021          Respectfully submitted,

By:      /s/ Mary Ann Novak

Mary Ann Novak
Bar No. 202502
HILGERS GRABEN PLLC
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
Tel: (402) 218-2106

Fax: (402) 413-1880

Attorney for Defendant Chin-Hsen Lin

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2021, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which sent notification

of said filing to all CM/ECF participants.


_/s/ Mary Ann Novak_____
Mary Ann Novak

*DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION*
*CASE NO. 5:20-CV-06846-EJD*