United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELITE SEMICONDUCTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANCHOR SEMICONDUCTOR, INC., et al., <br><br> Defendants. | Case No.  5:20-cv-06846-EJD <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 141 |

Elite Semiconductor, Inc. ("ESI") brings this suit against Defendants Anchor Semiconductor, Inc. ("Anchor"), and the Chairman and President of Anchor China, Chenmin Hu ("Hu"), in connection with the alleged misappropriation of ESI's trade secrets. Defendants move for summary judgment. *See* Defendants Anchor Semiconductor, Inc.'s and Dr. Chenmin Hu's Motion for Summary Judgment ("MSJ"), Dkt. No. 141. ESI filed an opposition, to which Defendants filed a reply. Opposition to Defendants' Motion for Summary Judgment ("Opp."), Dkt. No. 150; Defendants Anchor Semiconductor, Inc.'s and Dr. Chenmin Hu's Reply in Support of Motion for Summary Judgment ("Reply"), Dkt. No. 153. Having considered the Parties' papers, the Court **DENIES without prejudice** the motion for summary judgment.[1]

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), the Court found this motion suitable for consideration without oral argument. *See* Dkt. No. 167.

Case No.: 5:20-cv-06846-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

**I.     BACKGROUND**

On September 30, 2021, ESI filed its original complaint against Defendants (and two now dismissed defendants).[2] *See* Dkt. No. 1. The original complaint included allegations of trade secret misappropriation under California's Uniform Trade Secrets Act ("CUTSA") and the Defend Trade Secrets Act ("DTSA"), tortious interference with contract, and conversion. Defendants moved to dismiss the tortious interference and conversion claims. This Court granted the motion to dismiss and dismissed the tortious interference claim without leave to amend, and the conversion claim with leave to amend. Dkt No. 94. ESI filed a first amended complaint ("FAC"). Dkt. No. 101. Defendants again moved to dismiss the conversion claim, which the Court granted without leave to amend. Dkt. Nos. 109, 138. ESI then filed a second amended complaint ("SAC"). Dkt. No. 139.

ESI alleges that its former employee, Defendant Lin, stole ESI's trade secrets and technology and provided it to Anchor. SAC ¶¶ 34, 53–56, 60–61, 78–80. Rather than recite the factual background for a third time, the Court directs the Parties to its December 2021 order. *See* Dkt. No. 138.

**II.    LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

---

[2] On December 21, 2021, Defendant Chin-Hsen Lin was dismissed for lack of personal jurisdiction and improper service. Dkt. No. 138. On November 30, 2021, ESI Defendant Chenming Hu from the case without prejudice. Dkt. No. 27.

Case No.: 5:20-cv-06846-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2

1  admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  The court need only

2  consider the cited materials, but it may also consider any other materials in the record.  *Id.* at

3  56(c)(3).  Summary judgment may also be entered "against a party who fails to make a showing

4  sufficient to establish the existence of an element essential to that party's case, and on which that

5  party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6        Initially, the movant bears the burden of demonstrating to the Court the basis for the

7  motion and "identifying those portions of [the record] which it believes demonstrate the absence

8  of a genuine issue of material fact." *Id.* at 323.  If the movant fails to carry its initial burden, the

9  nonmovant need not produce anything.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d

10  1099, 1102–03 (9th Cir. 2000).  If the movant meets its initial responsibility, the burden then shifts

11  to the nonmovant to establish the existence of a genuine issue of material fact.  *Id.* at 1103.  The

12  nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do

13  more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita

14  Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare

15  assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for

16  summary judgment.  *Liberty Lobby*, 477 U.S. at 247–48.  "If the evidence is merely colorable, or

17  is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations

18  omitted).  However, in the summary judgment context, the Court believes the nonmovant's

19  evidence, and construes all disputed facts in the light most favorable to the nonmoving party.  *Id.*

20  at 255; *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).  If "the evidence yields

21  conflicting inferences [regarding material facts], summary judgment is improper, and the action

22  must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

23      **III.**    **DISCUSSION**

24        ESI brings claims for trade secret misappropriation under both CUTSA and DTSA.

25  "Courts have analyzed [CUTSA and DTSA] claims together because the elements are

26  substantially similar." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir.

Case No.: 5:20-cv-06846-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

3

2020).

ESI argues that Defendants' motion for summary judgment is premature and that the motion should be continued pursuant to Federal Rule of Civil Procedure 56(d). Under Rule 56(d), when a litigant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to [summary judgment]," the district court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." *Atay v. Cnty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). "The burden is on the party seeking a Rule 56(d) continuance to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id.* (quotation marks and citation omitted).

A court "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Rule 56(d) requests should be granted freely where a party has not had a "realistic opportunity" to pursue discovery relating to its theory of the case. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citations omitted). "[T]he denial of a Rule 56[(d)] application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). The party making a Rule 56(d) request must be able to show that it diligently pursued its previous discovery opportunities and show "how allowing additional discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

As in this case, Rule 56(d) is relied on when an opponent files an early motion for summary judgment. Defendants move for summary judgment long before the close of discovery. Indeed, fact discovery does not close for another month, and expert discovery does not close for

Case No.: 5:20-cv-06846-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

4

another four months.  Further, as noted by ESI, it is still processing discovery sent by Defendants, after having to move to compel production *multiple* times.  *See* Dkt. Nos. 52, 59, 72, 99, 106. Given that discovery has not closed and that all the discovery has not yet been processed, the Court cannot definitively say that the evidence sought by ESI does not exist.  There are enough factual questions remaining that cannot be resolved on the current record.  For example, ESI notes that questions remain about Anchor's engineers' competency, discrepancies with Anchor's payroll, and source code.  ESI has identified facts indicating that this discovery exists, and without this key discovery, the Court cannot grant summary judgment on the current record.  Accordingly, the Court **DENIES without prejudice** Defendants' motion for summary judgment.  Defendants may refile their motion for summary judgment <u>at the close of discovery</u>.

### IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: June 27, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-06846-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

5