1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELITE SEMICONDUCTOR, INC.,

Plaintiff,

v.

ANCHOR SEMICONDUCTOR, INC., et al.,

Defendants.

Case No.   5:20-cv-06846-EJD

**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**

Re: ECF No. 207

Plaintiff Elite Semiconductor, Inc. moves for leave to file a supplemental pleading based on KLA Corporation's ("KLA") acquisition of Defendant Anchor Semiconductor, Inc. ("Anchor").  Defendants oppose the motion, contending that Plaintiff's deadline lapsed on October 11, 2021.  Based on the parties' briefs and submissions, the Court DENIES Plaintiff's motion.

**I.      BACKGROUND**

      **A.      Discovery Proceedings**

On September 30, 2020, Plaintiff Elite Semiconductor, Inc. filed the present action.  ECF No. 1.  Plaintiff subsequently amended the complaint once on August 18, 2021 (ECF No. 101), and again on January 24, 2022 (ECF No. 139 ("SAC")).  The current SAC asserts two claims for trade secret misappropriation—one under the federal Defend Trade Secrets Act and another under the California Uniform Trade Secrets Act.  SAC ¶¶ 119–138.  Most relevant here, although the SAC alleges that Anchor had eight different product lines (SAC ¶ 83), Plaintiff only alleges that one product (HPA) "came to market with copied technology from ESI."  SAC ¶¶ 102–05.

Throughout this litigation, the parties extensively disputed the scope of discovery.  *See,*

*e.g.*, ECF Nos. 99, 106.  Ultimately, on October 18, 2021, Special Master Wayne Brazil posted an interim agreement, indicating that Defendant would conduct a search and production for responsive documents and clarifying that "for purposes of the searches and productions that are contemplated herein, the phrase 'all Accused Products' will be construed to mean the *Anchor HPA 2013*."  ECF No. 127 (emphasis added).  Defendants produced approximately 22,742 documents by November 2021 in response.  Decl. William A. Hector ("Hector Decl.") ¶ 11, ECF No. 220-1.

### B.   Anchor Defendant's Acquisition by KLA Corporation

After Plaintiff filed this action, Defendant Anchor Semiconductor, Inc. was acquired by KLA Corporation, and Defendant subsequently updated its certificate of interested entities on July 12, 2021.  ECF No. 90.  On the same day, Plaintiff filed a joint case management statement, noting Defendants' updated certification and representing that it did not expect any additional parties to be added to the litigation.  ECF No. 91.  The following day, the Court issued the Case Management Order in this case, establishing *inter alia* a deadline to join additional parties by October 11, 2021.  ECF No. 92.

On September 21, 2021, about three weeks before the deadline to join additional parties, Plaintiff served two document requests on Defendants, seeking documents relating to the "deal terms concerning the acquisition of Anchor by KLA" and "the corporate structure of Anchor following the acquisition of Anchor by KLA."  Hector Decl., Ex. B.  With respect to the latter, Defendants agreed to "produce responsive documents, if any."  Hector Decl., Ex. E.

On October 27, 2021—after the deadline to join parties to the litigation—Plaintiff indicated to Defendant that it "intends to substitute KLA-Tencor Corporation as Defendant in place of Anchor" because defense counsel had apparently "represented that Anchor ha[d] been subsumed by KLA and is no longer an independent corporate entity."  Hector Decl., Ex. F. Defendant responded that Anchor remained a separate entity and contended that substitution was inappropriate.  Hector Decl., Ex. G.  Defendants claim that they did not receive any further communications or disputes from Plaintiff on the matter until over a year later, on January 19, 2023, when Plaintiff indicated to Defendant that it should be "prepared to discuss a possible

Case No.: 5:20-cv-06846-EJD
ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PLEADING
2

United States District Court
Northern District of California

1    stipulation to substitute KLA for Anchor as a defendant in the case."  Hector Decl., Ex. H.

2           On March 3, 2023, Plaintiff moved to file a supplemental pleading pursuant to Federal

3    Rule of Civil Procedure 15(d), seeking to add KLA Corporation as a defendant and assert three

4    trade secrets claims against it.  Mot. 2.  The claims allege, *inter alia*, that KLA used

5    misappropriated technology "in products it purchased and/or incorporated into new and existing

6    KLA products."  Decl. John van Loben Sels ("Loben Sels Decl."), Ex. A ¶¶ 11, 14, 17.

7    **II.    LEGAL STANDARD**

8           For motions that are filed after the corresponding deadline in a Rule 16 scheduling order,

9    the motion must first meet the "good cause" standard of Rule 16.  *Id.*; *In re W. States Wholesale*

10   *Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  "Only where Rule 16's good cause

11   standard is met must a court consider whether amendment is proper under Federal Rule of Civil

12   Procedure 15."  *Armas v. USAA Cas. Ins. Co.*, 2019 WL 3323057, at *2 (N.D. Cal. July 24, 2019)

13   (quoting *Ammons v. Diversified Adjustment Serv., Inc.*, 2019 WL 2303831, at *2 (C.D. Cal. May

14   30, 2019)).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

15   seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

16   1992).  "If that party was not diligent, the inquiry should end."  *Id.*

17          Federal Rule of Civil Procedure 15(d) "permits the filing of a supplemental pleading which

18   introduces a cause of action not alleged in the original complaint and not in existence when the

19   original complaint was filed."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir.

20   1998) (internal quotation marks and citation omitted).  Rule 15(d) provides that "[o]n motion and

21   reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading

22   setting out any transaction, occurrence, or event that happened after the date of the pleading to be

23   supplemented."  "There is no right to supplement as a matter of course as there is with certain

24   amended pleadings."  *Blackwell v. Thai Speed, Inc.*, 2008 WL 782556, at *2 (N.D. Cal. Mar. 24,

25   2008) (citation omitted).  Instead, "[u]nder the Rule, allowance or denial of leave to file a

26   supplemental pleading is addressed to the sound discretion of the District Court."  *United States v.*

27   *Reiten*, 313 F.2d 673, 675 (9th Cir. 1963); *see also Pratt v. Rowland*, 769 F. Supp. 1168, 1131

28   Case No.:  5:20-cv-06846-EJD
     ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PLEADING
     3

United States District Court
Northern District of California

1    (N.D. Cal. 1991) (noting that Rule 15(d) gives "broad discretion" to permit or deny supplemental

2    pleadings).  The legal standard for granting or denying a motion to supplement under Rule 15(d) is

3    the same as the standard for a Rule 15(a) motion to amend.  *See Yates v. Auto City 76*, 299 F.R.D.

4    611, 614 (N.D. Cal. 2013); *Candler v. Santa Rita Cnty. Jail Watch Commander*, 2013 WL

5    5568248, at *1 (N.D. Cal. Oct. 9, 2013).  These factors, first identified in *Foman v. Davis*, 371

6    U.S. 178 (1962), include bad faith, undue delay, prejudice to the opposing party, and futility of

7    amendment.  *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).  In this circuit, "it is the

8    consideration of prejudice to the opposing party that carries the greatest weight.  Prejudice is the

9    'touchstone of the inquiry under rule 15(a).'"  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

10   1048, 1052 (9th Cir. 2003) (internal citations omitted).

11   **III.    DISCUSSION**

12            Because the deadline to add parties to this litigation lapsed on October 11, 2021, Plaintiff's

13   motion must satisfy the "good cause" standard of Rule 16 before the Court has any occasion to

14   consider the *Foman* factors for amendment under Rule 15.  Although Plaintiff's opening brief

15   failed to address "good cause," Plaintiff provided some arguments in its reply, *e.g.*, that its 17-

16   month delay is excusable because Defendants interfered with discovery; that Plaintiff filed the

17   instant motion within two months after obtaining new information on January 13, 2023; and that

18   Plaintiff had offered a stipulation to Defendants in lieu of the instant motion.  Reply 8–9.

19            In assessing diligence under Rule 15, courts consider whether (1) the party was diligent in

20   creating a workable Rule 16 order; (2) the noncompliance with a Rule 16 deadline occurred,

21   notwithstanding diligent efforts to comply, because of the development of matters which could not

22   have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and

23   (3) the party was diligent in seeking amendment of the Rule 16 order, once it became apparent that

24   it could not comply with the order.  *See Sanger v. Ahn*, 2019 WL 4695278, at *2 (N.D. Cal. Sept.

25   26, 2019) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

26            Given the timeline and documents presented here, the Court cannot find that Plaintiff has

27   acted diligently in seeking to supplement the pleadings with KLA as a defendant. First, Plaintiff

28   Case No.: 5:20-cv-06846-EJD
     ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PLEADING
                                         4

1    was not diligent in creating a workable case management order.  On July 12, 2021, Plaintiff

2    submitted a joint case management statement that expressly acknowledged Defendants' updated

3    certificate and KLA but nonetheless represented that Plaintiff did not expect that "additional

4    parties will be added prior to the deadline for amending pleadings."  ECF No. 91, at 4, 10.

5    Despite its express awareness of KLA's existence and relation to Anchor, Plaintiff gave no

6    indication at that time that it may need an extension of the normal deadline to add parties.  Of

7    course, Rule 16 does not demand prescience from Plaintiff; it only requires diligence.  However,

8    the fact that Plaintiff expressly acknowledged KLA's existence yet nonetheless indicated to the

9    Court that no additional parties need be joined is inconsistent with a finding that Plaintiff was

10   diligent in creating a workable Rule 16 scheduling order.

11          Second, Plaintiff has not presented an explanation for why it could not have complied with

12   the Court's Rule 16 deadline.  Although Plaintiff strenuously points a finger at Defendants'

13   discovery tactics, Defendants' representations were made *after* Plaintiff first expressed an intent to

14   substitute KLA on October 27, 2021, which was *already* after the relevant deadline had lapsed on

15   October 11.  Hector Decl., Ex. F.  The only evidence of Plaintiff's timely efforts are the two RFPs

16   it propounded on September 21, 2021, served less than three weeks before the deadline to join

17   parties and which would have yielded a response only *after* the deadline.  Hector Decl., Ex. B; *see*

18   Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing

19   within 30 days after being served.").  Plaintiff offers no explanation for why it waited over two

20   months and until the last three weeks to propound discovery regarding Anchor's post-acquisition

21   structure.  This factor, therefore, weighs against a finding of diligence and good cause.

22          Third, Plaintiff also did not seek amendment of the Rule 16 order once it knew that it could

23   not comply with its deadlines.  Plaintiff did not request an extension in September 2021 when it

24   served documents requests on Defendants three weeks before the deadline to add parties, seeking

25   information relating to KLA's acquisition and Anchor's post-acquisition organization.  Hector

26   Decl., Ex. B.  Nor did Plaintiff request relief from the case scheduling order in October 2021 when

27   it expressed an intent to substitute KLA as a defendant.  Hector Decl., Ex. F.  Indeed, after the

28   Case No.: 5:20-cv-06846-EJD
     ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PLEADING
                                              5

United States District Court
Northern District of California

1    parties' colloquy in October 2021, Plaintiff did not pursue the matter further until over a year later

2    on January 19, 2023.  Plaintiff contends that it was diligent in filing the present motion within two

3    months of discovering "new information" on January 13, 2023, at Zafar's deposition.  Reply 8.

4    None of the "new" information, however, provided any explanation as to why Plaintiff did not

5    request an earlier extension of the deadline to add parties, even as early as July 2021 when

6    Defendants disclosed KLA in their updated certificate of interested entities.  ECF No. 90.  Even if

7    Defendants purportedly dragged their feet in discovery, Plaintiff could have (justifiably) sought an

8    extension of the deadline to add parties while it propounded discovery regarding KLA's role as a

9    potential defendant.  To the contrary, the evidence suggests that Plaintiff paid minimal, if any,

10   attention to the Rule 16 deadline for adding parties—*e.g.*, Plaintiff did not mention the lapsed

11   deadline when it first expressed its intent to substitute KLA as a defendant, nor did Plaintiff

12   acknowledge the lapsed deadline or Rule 16's "good cause" standard even as it filed the instant

13   motion to supplement.  In short, the Court is unable to find that Plaintiff was diligent in bringing

14   this motion and pursuing KLA as a potential defendant in this action.

15           Finally, although the Rule 16 inquiry primarily focuses on Plaintiff's diligence, the Court

16   will also note that Plaintiff's belated supplementation and the consequent expansion of the

17   litigation's scope would result in prejudice to Defendants.  *See Mammoth Recreations*, 975 F.2d at

18   609 (recognizing that "the existence or degree of prejudice to the party opposing the modification

19   might supply additional reasons to deny a motion").  Throughout most of the proceedings, the

20   scope in this case has been focused on the one product that was expressly mentioned in the

21   complaint—Defendants' HPA product.  *See, e.g.*, ECF No. 127.  Plaintiff's proposed supplemental

22   pleading, however, would place *all* "new and existing KLA products" under the scrutiny of this

23   litigation.  *See* Loben Sels Decl., Ex. A ¶¶ 11, 14, 17.  Such a dramatic expansion would be clearly

24   prejudicial to Defendants, who had operated under a narrower scope of discovery for nearly two

25   years at the time of Plaintiff's motion.  *See, e.g.*, *Armas v. USAA Cas. Ins. Co.*, 2019 WL 3323057,

26   at *2 (N.D. Cal. July 24, 2019) (finding great and unfair prejudice where amendment "would take

27   the litigation in a new direction, which would require—after over a year of discovery—new

28   Case No.: 5:20-cv-06846-EJD
     ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PLEADING

United States District Court
Northern District of California

factual development of the record").  Plaintiff's reply notably does not raise any substantive

response to Defendants' cited prejudice and simply rebuts Defendants' argument by fiat.  Reply 9–

10 ("This is because there exists nothing in the record to show ESI's Motion would take the

litigation in a new direction, or that discovery would need to reopen, or what new depositions

Defendants would have to take.").  Setting aside the likely reality of what would occur if an

entirely new defendant and all of its product lines were to be drawn into this litigation, "Plaintiff

cannot make that determination for Defendant[s]; Defendant[s] would be entitled to discovery to

establish its defenses to the new claims just as it was with the original claims."  *Arebalo v. Apple,*

*Inc.*, No. 5:19-CV-03034-EJD, 2021 WL 1338484, at *2 (N.D. Cal. Apr. 9, 2021).  Accordingly,

even though the Court need not consider prejudice under Rule 16, the presence of prejudice is a

proper consideration that also counsels against granting Plaintiff's motion.

* * *

The Court does not find that Plaintiff was diligent in seeking amendment over seventeen

(17) months after the deadline and more than twenty (20) months after Defendants disclosed KLA

as a corporate parent.  Therefore, Plaintiff has failed to show "good cause" to file the supplemental

pleading, and the Court need not consider whether Plaintiff's supplemental pleading would be

separately permissible under Rule 15.[1]  Accordingly, the Court DENIES Plaintiff's motion for

leave to file its supplemental pleading.

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2023

EDWARD J. DAVILA
United States District Judge

---

[1] The Court notes that, given the substantial prejudice to Defendants that the Court highlights above, it is doubtful that Plaintiff's untimely supplemental pleading would have prevailed even under the lower Rule 15 standard.  *See, e.g.*, *Eminence Cap.*, 316 F.3d at 1052 (noting that "prejudice to the opposing party [] carries the greatest weight" under a Rule 15 analysis).

United States District Court
Northern District of California