John van Loben Sels (Bar. No. 201354)
jvanlobensels@thoits.com
Jeremy Hanika (Bar No. 261892)
jhanika@thoits.com
Brittany M. Nobles (Bar No. 343513)
bnobles@thoits.com
**THOITS LAW**
400 Main Street, Suite 250
Los Altos, CA 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

*Attorneys for Plaintiff*,
ELITE SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ELITE SEMICONDUCTOR, INC., a Taiwan Corp.,<br><br>Plaintiff,<br><br>v.<br><br>ANCHOR SEMICONDUCTOR, INC., a California corporation, Chenmin Hu, and DOES 1 through 10,<br><br>Defendants. | Case No.: 5:20-cv-06846-EJD (NC)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO RULE 15(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     June 13, 2024<br>Time:    9:00 a.m.<br>Dept.:    Courtroom 4, 5th Floor<br>Judge: :   Hon. Edward J. Davila<br><br>Complaint Filed:  September 30, 2020 |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................2

II.  STATEMENT OF THE ISSUES PURSUANT TO L.R. 7-4(A)(3) ............................3

III. FACTUAL AND PROCEDURAL HISTORY.................................................................4

IV.  LEGAL STANDARDS..........................................................................................6

V.   ARGUMENT........................................................................................................7

   A.  The First *Foman* Factor – Undue Delay – Supports Amendment .................7

   B.  The Second *Foman* Factor – Bad Faith or Dilatory Motive – Supports Amendment ........................................................................................8

   C.  The Third *Foman* Factor – Failure To Cure Deficiencies In Amendment – Supports Amendment........................................................................................8

   D.  The Fourth *Foman* Factor – Prejudice To The Nonmoving Party – Supports Amendment........................................................................................9

   E.  The Fifth *Foman* Factor—Futility – Supports Amendment..........................10

VI.  CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ......................................................................................6

*DCD Programs, Ltd. v. Leighton*,
   833 F2d 183 (9th Cir. 1987) .......................................................................................9

*Foman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................7, 8, 9, 10

*Genentech, Inc. v. Abbot Labs.*,
   127 F.R.D. 529 (N.D. Cal. 1989) ...............................................................................7

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) ....................................................................................11

*Howey v. United States*,
   481 F.2d 1187 (9th Cir.1973) .....................................................................................6

*Jones v. PGA Tour, Inc.*,
   2023 WL 2173417 (N.D. Cal. Feb. 21, 2023) ............................................................7

*McFall v. Stacy & Witbeck, Inc.*,
   2016 WL 2851589 (N.D. Cal. May 16, 2016) ............................................................7

*MHC Fin. Ltd. P'ship v. City of San Rafael*,
   2006 WL 8431310 (N.D. Cal. Jan. 27, 2006) .............................................................9

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ....................................................................................10

*Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*,
   2021 WL 831263 (S.D. Cal. Mar. 4, 2021) ..............................................................10

*Schaired v. Monterey Fin. Servs., Inc.*,
   2023 WL 376007 (S.D. Cal. Jan. 24, 2023) ...............................................................6

*Senza-Gel Corp. v. Seiffhart*,
   803 F.2d 661 (Fed. Cir. 1986) ....................................................................................7

*Swanson v. U.S. Forest Serv.*,
   87 F.3d 339 (9th Cir. 1996) ........................................................................................6

*Turrey v. Vervent, Inc.*,
   2021 WL 5042120 (S.D. Cal. Oct. 28, 2021) ..........................................7, 8, 9, 10, 11

*Turrey v. Vervent, Inc*
    2022 WL 19001976 (S.D. Cal. Sept. 26, 2022) ................................................................. 9

*United States v. Webb*,
    655 F.2d 977 (9th Cir.1981) ............................................................................................ 6

**Rules**

Rule 15 ................................................................................................................................. 6, 7

Rule 15(a) ............................................................................................................................ 7, 9

Rule 15(a)(2) ................................................................................................................... 2, 3, 6

Rule 15(a), F[ed].R.Civ.P ........................................................................................................ 6

Rule 15's .................................................................................................................................. 7

# NOTICE OF MOTION AND MOTION

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 13, 2024, at 9:00 a.m., in Courtroom 4, 5th Floor, of the above captioned Court, Plaintiff Elite Semiconductor, Inc. ("ESI" or "Plaintiff") will and does hereby move the Court for leave to file a third amended complaint in this matter under FED. R. CIV. P. 15(a)(2) (the "Motion").

By this Motion, Plaintiff seeks leave of this Court to file a third amended complaint in this action. The grounds for this motion are set forth in the following Memorandum of Points and Authorities, the Declaration of John D. van Loben Sels in support of same, the previous filings in this case and other such argument and evidence that may be presented at the hearing. Pursuant to Civil Local Rule 10-1, Plaintiff files concurrently herewith a copy of the proposed amended complaint it seeks to file by this Motion.

Respectfully submitted,

**THOITS LAW**

Dated: May 6, 2024       By:   */s/ John van Loben Sels*
                               John D. van Loben Sels, Esq.
                               *Attorney for Plaintiff*,
                               ELITE SEMICONDUCTOR, INC.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Plaintiff Elite Semiconductor, Inc. ("Plaintiff" or "ESI") brings this Motion to amend the complaint pursuant to Rule 15(a)(2) to conform to facts it has uncovered during discovery. As discussed herein, good cause exists to grant the Motion, and Defendants will suffer no prejudice from the proposed amendments to the operative complaint. Plaintiff has expended substantial time, effort, and resources, including through its lawyers and experts, during the several years of protracted discovery to uncover essential facts that establish its trade secret misappropriation claims against Defendants. As a result of these efforts, Plaintiff has discovered facts that show that Defendants first began to misappropriate Plaintiff's trade secrets in 2010 as Plaintiff originally suspected, but for which Plaintiff lacked knowledge of sufficient facts to allege the same in its original complaint. The operative complaint alleges Defendants' misappropriation started in 2013, but those allegations were based on Plaintiff's reasonable, good faith investigation at the time the original complaint was filed. The true facts, as now alleged in the proposed amended complaint, following Plaintiff's investigation through discovery, the methods and extent of Defendants' misappropriation have become clearer.

Good cause exists to grant Plaintiff's Motion, because the proposed amendment does not change: (1) The parties to this lawsuit, (2) The claims Plaintiff asserts; and (3) Plaintiff's asserted trade secrets. Specifically, Plaintiff's investigation discovered that Defendants unlawfully received and used Plaintiff's asserted trade secrets by as early as May 12, 2010, from an intermediary, United Microelectronic Corporation ("UMC").

Plaintiff's expert completed his inspection of Defendants' source code on December 6, 2023, and opined that Defendants integrated Plaintiff's trade secret KDI and coordinate conversion formulas and source code implementations into the codebase of Defendants' Hotspot Pattern Analyzer ("HPA") product as early as December 31, 2010. Plaintiff also learned through discovery that Defendants rebranded HPA in 2016 to "Pattern Centric Yield Manager" (PCYM) and "Die-to-Database" (D2DB) (collectively with HPA, the "Accused

Products") specifically to hide Defendants' infringing use from Plaintiff's attention. Defendants took this step after UMC informed Defendants of Plaintiff's claim of intellectual property theft in the same year. JvLS Decl. ¶¶ 9-10; Ex. R. That is, through fact and expert discovery completed on April 11, 2024, Plaintiff learned of at least one method of Defendants' misappropriation that began in 2010 (*see id.* at ¶ 4), and how that misappropriation continued as a result of specific acts taken by Defendants long after Defendants' efforts to re-brand their infringing products in and after 2016. JvLS Decl. ¶¶ 4, 11-13; and Ex. B-O; To conform to these facts, the operative complaint should be updated by amendment under Rule 15(a)(2). Furthermore, Defendants will suffer no prejudice from the proposed amendment. Defendants have for two years defended against and otherwise resisted Plaintiff's attempts to discover these facts known to Defendants. (Dkts. 242 and 307). Further, Defendants and their experts have already acted – for at least 15 months – in accord with Plaintiff's new allegations, including Defendants' technical and damages experts whose reports are based on the facts and dates detailed above. For all these reasons, Plaintiff's Motion for Leave should be granted.

II. **STATEMENT OF THE ISSUES PURSUANT TO L.R. 7-4(A)(3)**

Where Defendants have produced documents and information late in discovery and through nearly a year after the close of fact discovery after substantial efforts undertaken by Plaintiff to pursue documents and information through extensive meet and confer efforts, motions to compel, and orders and enforcement of orders by the Special Master and this Court; and where information has come to light as a result of these efforts over the last year in particular, during which Defendants defended against the discovery of the information sought and ultimately obtained by Plaintiff, and which Defendants had in their possession, that yielded critical information concerning the timing and methods of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff seeks leave of this Court to amend its operative complaint (Dkt. 139) to conform its allegations to the proof it has obtained in and after the close of fact discovery.

//

## III. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed its initial Complaint in this matter on September 30, 2020. (Dkt. 1). Plaintiff filed its First Amended Complaint on August 18, 2021 (Dkt. 101). Plaintiff filed its Second Amended Complaint on January 24, 2022, to remove Defendants Chin-Hsen Lin and Chen Ming Hu (Dkt. 139) (the "Complaint"). Now, after having learned through discovery of certain facts previously unknown to Plaintiff – and unknowable – Plaintiff seeks to amend its Complaint to add those facts and conform its allegations to the proof it has obtained in support of its claims. Plaintiff only learned of the facts it now seeks to include in a Third Amended Complaint through Plaintiff's inspection of Defendants' highly confidential internal documents from Defendants' operations in the Peoples' Republic of China (PRC), Chinese witness testimony, and source code inspection which Plaintiff's expert completed on December 6, 2023, that Plaintiff worked years in discovery to obtain.

Specifically, on January 21, 2023, Plaintiff first learned from its source code expert after completion of Plaintiff's expert's initial review of Defendants' source code that Plaintiff had integrated Plaintiff's trade secrets into HPA as early as December 31, 2010. Through substantial efforts detailed in Plaintiff's two motions for sanctions (Dkts. 242 and 307), Plaintiff has obtained discovery from Defendants' three fact witnesses in China. Moreover, Defendants' highly confidential documents, which Plaintiff fought for years to obtain, reflect that Defendants first unlawfully received and began utilizing Plaintiff's asserted trade secrets at least as early as May 2010. JvLS Decl. ¶ 5; Exs. B-O.

Defendants have known their three fact witnesses in China were in possession of documents relevant to Plaintiff's misappropriation of trade secrets claim, but they refused to search these three witnesses' documents and correspondence until compelled to do so by the Special Master on March 1, 2023. (Dkt. 203). On March 1, 2023, the Hon. Judge Wayne D. Brazil (Ret.) ("Special Master") first learned of the involvement of Defendants' three PRC fact witnesses in the misappropriation of Plaintiff's trade secrets and ordered the production of documents from these witnesses. *Id.* It was at this time that the Special Master also first learned that Defendants had rebranded their accused HPA in 2016 to "PCYM" and "D2DB"

specifically to avoid potential scrutiny from Plaintiff. *Id.* Further, the Special Master learned that Defendants continued to sell the Accused Products through the present time. *Id.* As a result, the Special Master ordered the production of documents from 2010 through "the date of the collection." *Id.*

Defendants delayed their document production literally for years through multiple Special Master orders compelling compliance so Defendants' PRC counsel could unlawfully screen Defendants' document productions. As Plaintiff separately briefed, this conduct violated the Federal Rules of Civil Procedure and cases construing them. See Dkts. 242, 307. Nevertheless, Defendants claimed to have completed their productions from the three fact witnesses in China in December 2023 (more than six months after the close of fact discovery on May 10, 2023). Even this delayed certification proved false as Defendants made an inexplicable further document production on April 11, 2024 (almost one year after the close of fact discovery, and long after the deadlines for the parties' technical and damages experts to serve their reports), and they continue making late productions of fact documents, and only after substantial efforts by Plaintiff. JvLS Decl., ¶ 4.

On October 20, 2023, after Plaintiff provided the Special Master with evidence that HPA had been rebranded in 2016 as PCYM and D2DB, the Special Master ordered the inspection of Defendants' PCYM and D2DB codebase. Dkt. 281. As a result of that inspection, Plaintiff's source code expert confirmed that PCYM and D2DB both utilized HPA's framework and contained licenses to Plaintiff's trade secrets therein described by Defendants as the "Local CAA" design feature. *Id.*, ¶ 9. Defendants' belated document productions and witness testimony demonstrates Defendants unlawfully received Plaintiff's trade secrets by way of a common customer of both Plaintiff and Defendants, UMC as early as May 2010 through as late as August 2010, and by December 31, 2010, Defendants had fully integrated Plaintiff's trade secrets into the HPA codebase. JvLS Decl. ¶ 12.

In 2016, Defendants were informed by UMC of Plaintiff's claim of intellectual property theft, and as a result, rebranded HPA as D2DB and PCYM in an attempt to disguise their infringing conduct from Plaintiff, but continued to sell the Accused Products to the

present. JvLS Decl. ¶¶ 9-10.

When Plaintiff drafted its initial, and then first and second amended complaints, Plaintiff could not have known the details of Plaintiff's misappropriation. It was not until Defendants' belated production of documents (following multiple Special Master orders requiring their production) and after the completion of Plaintiff's expert's review of Defendants' codebases for HPA, PCYM, and D2DB, that Plaintiff could have known how and when Defendants misappropriated Plaintiff's trade secrets.

Plaintiff's proposed amended complaint does not change the parties to this case, does not change or add claims, and does not alter the identification of Plaintiff's trade secrets. Further, the new allegations Plaintiff seeks to add to the complaint by its proposed amendments have long been known to Defendants and are already the subject of the parties' expert reports and expert witness testimony. JvLS Decl., ¶¶ 9-13.

## IV.   LEGAL STANDARDS

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Under Rule 15(a)(2), granting leave to amend rests within the trial court's sound discretion." *Schaired v. Monterey Fin. Servs., Inc*., 2023 WL 376007, at *3 (S.D. Cal. Jan. 24, 2023) citing *Swanson v. U.S. Forest Serv*., 87 F.3d 339, 343 (9th Cir. 1996). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). The Ninth Circuit has provided:

> This court has noted "on several occasions ... that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *Gabrielson Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " *Webb*, 655 F.2d at 979.

*DCD Programs, Ltd*., 833 F.2d at 186.

//

> A district court ordinarily must grant leave to amend unless one or more of the following "Foman factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.

*Jones v. PGA Tour, Inc.*, 2023 WL 2173417, at *1 (N.D. Cal. Feb. 21, 2023) citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Consideration of prejudice to the opposing party carries the greatest weight. *Id.* Further, "Absent prejudice or a strong showing of the other *Foman* factors, 'there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Turrey v. Vervent, Inc.*, 2021 WL 5042120, at *2 (S.D. Cal. Oct. 28, 2021) quoting "[S]ince Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

## V.  ARGUMENT

Each of the *Foman* factors strongly support amendment of the Complaint in this case, as does Rule 15's favoring of a liberal policy toward amendment and the Supreme Court's concern that cases be resolved on the merits rather than on the pleadings or technicalities. For the reasons stated herein, the Court should grant Plaintiff's Motion to amend the Complaint.

### A.  The First *Foman* Factor – Undue Delay – Supports Amendment

"There is no undue delay where, as here, a party seeks to amend its claim based on new information received during discovery." *Jones*, 2023 WL 2173417, at *2 (N.D. Cal. Feb. 21, 2023). "The undue delay inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016). Here, Plaintiff had no such knowledge of the facts by which it seeks to amend the Compliant when it was filed. As set forth above and in the Declaration of John van Loben Sels, the facts by which Plaintiff seeks to amend the Complaint were only discovered after years of discovery, and even after the fact discovery had closed (JvLS Decl., ¶¶ 4-5.); and as a result of detailed investigation and inquiry by

Plaintiff's technical experts (JvLS Decl., ¶¶ 4, 9-11), and Plaintiff's pursuit of discovery that had to be compelled from Defendants despite extreme resistance and Defendants' attempts to shield that information from discovery under the pretense of a foreign blocking statute. See Dkts. 307-1; 242; JvLS Decl., ¶ 3. In short, none of the information that has come to light by which Plaintiff now seeks to amend its Complaint was available when any of the previous complaints were filed. JvLS Decl., ¶ 13. As a result of the foregoing, no undue delay exists here, and the first Foman factor heavily favors amendment.

### B. The Second *Foman* Factor – Bad Faith or Dilatory Motive – Supports Amendment

There is not an *iota* of evidence of bad faith or dilatory motive underlying Plaintiff's request to amend the Complaint. Rather, Plaintiff brings this Motion in good faith to conform its Complaint to the proof it has uncovered. Because the proposed amendment does not change: (1) The parties to this lawsuit; (2) The claims brought by Plaintiff; nor (3) Plaintiff's asserted trade secrets, no delay will result from the amendment. Instead, the proposed amendment will streamline the issues for trial by clarifying and narrowing Plaintiff's allegations concerning the timing and method of Defendants' misappropriation of Plaintiff's trade secrets.

Further, Plaintiff seeks to amend the Complaint with information of which it learned in the last month. In *Turrey, supra*, the court found no bad faith or dilatory motive, reasoning, "Plaintiff's motion for leave to amend, while late, arose out of these newly occurring conditions rather than an attempt to delay proceedings. That Plaintiff filed the amended complaint within approximately 6 weeks of the two named plaintiffs settling demonstrates an attempt to move expediently." *Turrey* at *4. For the foregoing reasons, there exists no bad faith nor dilatory motive here, and certainly none to deny the amendment. As such, this factor favors amendment and, therefore, Plaintiff's Motion should be granted.

### C. The Third *Foman* Factor – Failure To Cure Deficiencies In Amendment – Supports Amendment

The third *Foman* factor supports amendment because, here, there is no presently

deficient complaint that requires amendment to survive the Federal Rules' pleading standards. That is, Plaintiff has sufficiently alleged facts in support of its misappropriation claims. Further, the third *Foman* factor concerns whether there has been a "repeated failure to cure deficiencies by amendments previously allowed." *Turrey v. Vervent, Inc* 2022 WL 19001976, at *1 (S.D. Cal. Sept. 26, 2022) quoting *Foman, supra*. Here, however, Plaintiff's proposed amendments to the Complaint are based on information that was not available to Plaintiff when the initial complaint, or the first or second amended complaints were filed. Thus, the presently proposed amendments to the complaint could not have previously been included, nor do they represent any repeated failure to cure any deficiency by any previously allowed amendment. *See id.* ("In the absence of…undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"). As a result of the foregoing, the third *Foman* factor favors allowing amendment. Therefore, Plaintiff's Motion should be granted.

### D. The Fourth *Foman* Factor – Prejudice To The Nonmoving Party – Supports Amendment

There is no conceivable prejudice to Defendants by the proposed amendment. "Not all of the *Foman* factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *MHC Fin. Ltd. P'ship v. City of San Rafael*, 2006 WL 8431310, at *11 (N.D. Cal. Jan. 27, 2006) quoting *Eminence Capital*, 316 F.3d at1052 (9th Cir. 2003)(quotations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, *supra*. Here, there is no prejudice to Defendants who have known of and attempted to prevent Plaintiff from discovering the facts with which it seeks to amend the Complaint for years. Further, for over a year, Defendants have resisted

producing the documents and source code that Plaintiff ultimately obtained through orders of the Special Master, and which Plaintiff reviewed and evaluated through its technical experts. Defendants have thus been aware of, and responded to and defended against the production of the material upon which Plaintiff now seeks to amend its Complaint. *See* Turrey, 2021 WL 5042120, at *4 (S.D. Cal. Oct. 28, 2021) (allowing amendment despite some prejudice to the defendants in terms of costs and delay, stating, "Plaintiffs argue any prejudice to Defendants on this score is of their own making. [sic] The Court agrees.").

Furthermore, because discovery has centered for months and years on the information that makes up the proposed amendment to the Complaint, and that information has been the subject of evaluation by both Plaintiff and Defendants' experts and counsel, there is no need for further discovery.  Indeed, the parties' technical and damages expert reports already include the events and timing reflected in the proposed amendment to the complaint. Moreover, the information Plaintiff seeks to add to the Complaint is information that has been in the possession of Defendants all along, and thus, no need for Defendants to take discovery on its own documents and information. That is, there is no surprise, undue delay, new discovery that would need to be taken, nor any identifiable unfairness to Defendants that would result from the proposed amendment to the Complaint. As a result of the foregoing, there is no prejudice to Defendants as the non-moving parties, and the fourth Foman factor favors allowing the amendment. Therefore, Plaintiff's Motion should be granted.

E.     **The Fifth *Foman* Factor—Futility – Supports Amendment**

Here, the proposed amendment is not futile and, therefore, the fourth Foman factor heavily favors granting leave to amend. "A proposed amendment is futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Turrey* at *5 quoting *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). By contrast, Plaintiff's proposed amended complaint serves to conform the allegations in the Complaint to the proof that has been uncovered as a result of Plaintiff's substantial efforts and exertion of resources in discovery, and as recently as last month—proof that clarifies when and how Defendants misappropriated Plaintiff's trade

secrets. *See* JvLS Decl., ¶¶ 3; 9-11; *Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*, 2021 WL 831263, at *4 (S.D. Cal. Mar. 4, 2021) ("Case law indicates that where there is a colorable claim, courts must grant leave to amend.").

Here, the amended complaint is based on documents produced by Defendants that show that in 2010, Plaintiff disclosed its trade secrets to a common customer of both Plaintiff and Defendants, UMC, who then transferred Plaintiff's trade secrets to Defendants. See JvLS Decl., ¶ 3. The amended complaint further details that by December 31, 2010, Defendants had fully integrated Plaintiff's trade secrets into the HPA codebase, information that, as detailed above, was only made available to Plaintiff late in and after discovery closed. JvLS Decl., ¶¶ 4, 8, 13. The amended complaint further details that, in 2016, Defendants were informed by UMC of Plaintiff's claim of intellectual property theft, and as a result, rebranded HPA as D2DB and PCYM, but continued to sell the Accused Products indefinitely. JvLS Decl., ¶¶ 9-12. These facts strongly and directly support and clarify Plaintiff's misappropriation claims and, as such, the proposed amendments to the Complaint are not futile. *See Turrey* at *5 (finding no futility where, by inclusion of the amendment, "The complaint thus does not seem likely to be subject to immediate dismissal."). Thus, the proposed amended complaint is not futile but alleges claims for misappropriation supported by actual evidence uncovered during and after the close of discovery."[F]utility is a high bar," (*Id.*), and the facts do not support a finding of futility. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (noting amendment should be permitted "unless it will not save the complaint or the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories"). As a result of the foregoing, the fourth Foman factor supports allowing amendment, and Plaintiff's Motion should be granted.

//
//
//
//
//

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for leave to amend the Complaint.

Dated: May 6, 2024                           Respectfully submitted,

                                                                 THOITS LAW

By: */s/ John D. van Loben Sels*
John D. van Loben Sels, Esq.
*Attorney for Plaintiff*,
ELITE SEMICONDUCTOR, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on May 6, 2024.

Dated: May 6, 2024

*/s/ John D. van Loben Sels*
John D. van Loben Sels, Esq.
*Attorney for Plaintiff*,
ELITE SEMICONDUCTOR, INC.