UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELITE SEMICONDUCTOR, INC., | Case No.   5:20-cv-06846-EJD |
| Plaintiff, | **ORDER ON LIABILITY FOR FEES** |
| v. | Re: Dkt. No. 486 |
| ANCHOR SEMICONDUCTOR, INC., et al., | |
| Defendants. | |

Before the Court is Defendants Anchor Semiconductor, Inc. ("Anchor") and Chenmin Hu's motion for attorney's fees.  Motion ("Mot."), ECF No. 486.  At a status conference on October 9, 2025, the Court decided to determine liability before addressing any fees.  ECF No. 491.  For the reasons stated below, the Court finds that only Plaintiff Elite Semiconductor ("Elite") is liable for fees.

I.      **BACKGROUND**

A.      **Trade Secret Case**

In September 2020, Elite sued Defendants, asserting trade secret misappropriation and related claims.  Elite alleged that Defendants stole its semiconductor technology in 2010.  Order Granting Motion for Summary Judgment ("MSJ Order"), ECF No. 436 at 1.  Trade secret claims, however, have a three-year statute of limitations.  18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6.  Elite tried to circumvent the statute of limitations by taking advantage of the discovery rule, where the limitations period does not begin until a plaintiff should have discovered the trade secret claim.

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

1

Elite alleged that it could not have learned of its claim until 2019. But it became clear in discovery that this was not the case: in 2013, the U.S. Patent and Trademark Office ("PTO") had rejected Elite's patent application, citing Anchor's earlier application ("the Anchor Application"). On these grounds, the Court granted summary judgment to Defendants. *See* MSJ Order.

## B. Dispute Over Fees

Defendants sought fees from Elite and the various law firms that have represented Elite during and after the litigation: Fish IP Law LLP ("Fish"), Thoits Law ("Thoits"), Jeffer Mangels Butler & Mitchell LLP ("Jeffer Mangels"), and Sideman & Bancroft LLP ("Sideman"). On August 4, 2025, the Court found that Defendants are entitled to fees from Elite, not entitled to Rule 11 sanctions against Elite's attorneys, and not entitled to fees under 28 U.S.C. § 1927 ("Section 1927") against Sideman (Elite's current counsel). Order on Fees, ECF No. 466. The Court deferred the question of Section 1927 fees against Elite's former law firms until those firms "and any other third party from whom Defendants seek fees" had been served with the Court's order. *Id.* at 10.

On August 22, 2025, Defendants served the Court's order on Fish, Thoits, and Jeffer Mangels. ECF Nos. 468–70. Defendants also served the Court's order on two non-parties not mentioned in their initial request for fees: Mr. van Loben Sels (Elite's attorney) and Legalist, Inc. ("Legalist") (Elite's litigation funder). ECF Nos. 467, 471. Mr. van Loben Sels and Legalist both objected to being served. *See* ECF No. 472 Ex. B; ECF No. 474. On October 3, 2025, Elite, Mr. van Loben Sels, Fish, and Thoits filed responses explaining why they believe they should not be liable for fees. *See* ECF Nos. 484, 485, 482, 483.

On October 9, 2025, the Court met with the parties, the former law firms, Mr. van Loben Sels, and Legalist for a status conference. ECF No. 491. Following that conference, on October 16, 2025, the Court determined that it would first resolve liability for fees before considering the

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

2

amount of fees.  ECF No. 496 at 4.  The Court ordered that Legalist submit briefing on liability, focusing on their control over the litigation; Defendants submit a ten-page reply to Fish, Thoits, Jeffer Mangels, Elite, Mr. van Loben Sels, and Legalist; and Fish, Thoits, Jeffer Mangels, Elite, Mr. van Loben Sels, and Legalist file responses.  ECF No. 496.

Legalist submitted briefing objecting to liability on October 22, 2025.  Legalist Br., ECF No. 498.  Jeffer Mangels also submitted briefing objecting to liability, even though the Court did not contemplate such a submission in its October 16 Order.  ECF No. 499.  Defendants submitted three separate ten-page replies: one directed at Fish, Thoits, and Jeffer Mangels, Dfs.' Reply to Law Firms, ECF No. 501; one directed at Legalist, Inc., Dfs.' Reply to Legalist, ECF No. 502; and one directed at Mr. van Loben Sels and Elite, Dfs.' Reply to Elite and JvLS, ECF No. 503.[1]  Jeffer Mangels filed a Reply on December 19.  Jeffer Mangels Reply, ECF No. 511.  Fish, Thoits, Elite, Mr. van Loben Sels, and Legalist all filed Replies on December 22, 2025.  Fish Reply, ECF No. 512; Thoits Reply, ECF No. 513; Elite Reply, ECF No. 514; JvLS Reply, ECF No. 515; Legalist Reply, ECF No. 516.

## II.    LIABILITY FOR FEES

### A.    Legal Standard

#### 1.    Section 1927

Section 1927 provides a mechanism for sanctioning conduct that occurs after a case is commenced.  It authorizes costs, expenses, and attorney's fees against "any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  Though some circuits have interpreted "any attorney" to include law firms, the

---

[1] Even though the Court's October 16 Order had contemplated a total of ten pages, the Court issued an order stating it would consider all thirty pages in its determination as to liability.  ECF No. 504.

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

United States District Court
Northern District of California

Ninth Circuit has clearly held that Section 1927 does not allow sanctions to be awarded against a law firm. *Kaas Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) ("[W]e hold that 28 U.S.C. § 1927 does not permit the award of sanctions against a law firm."). Liability under Section 1927 also "requires a finding of bad faith." *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). Bad faith is measured under a subjective standard. *Id.* Knowing or reckless conduct meets this standard, but negligence does not. *Id.*

### 2.    Federal Courts' Inherent Authority

Federal courts also have inherent authority to impose attorneys' fees. They may do so for "willful disobedience of a court order," "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when counsel has "willfully abuse[d] judicial processes." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980) (citations omitted). As with Section 1927, the Court must find that the lawyer acted in bad faith, "which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). It does not matter whether the lawyer's argument was colorable—it only matters whether the lawyer made the argument out of "vindictiveness, obduracy, or *mala fides*." *In re Itel Sec. Litig.,* 791 F.2d 672, 675 (9th Cir. 1986).

### B.    Analysis

The Court addresses liability first as to Plaintiff, next as to the law firms (Fish, Thoits, and Jeffer Mangels), then as to Mr. van Loben Sels, and finally as to Legalist.

### 1.    Elite

The Court already found in its Order on Fees that "Defendants are entitled to fees from Elite under federal and California trade secret law" as well as under the Court's "inherent authority." Order on Fees at 8.

Elite then filed an objection to liability, which—by Elite's own admission—rehashes the

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

Court's decision to grant summary judgment. Elite Objection, ECF No. 484 at 3 ("While this submission is not a request for reconsideration, Elite believes and argues . . . that the Court should revisit certain aspects of the Court's Summary Judgment Order because they reflect clear error."). Elite claims that the Court "impermissibly resolved evidentiary inferences against Elite, the non-movant," that the Court incorrectly interpreted the case law, and that the Anchor Application did not put Elite on inquiry notice of its claims. *Id*. at 8, 18, 22–23.

The Court has already found that Defendants are entitled to fees from Elite, and the Court declines to revisit that finding here. Since Elite has not offered any other reason it should not be liable, the Court reiterates its earlier holding that Elite is liable for fees under federal and California trade secret law and the Court's inherent authority. *See* Order on Fees.

### 2.    Law Firms Fish, Thoits, and Jeffer Mangels

Defendants contend Section 1927, the Court's inherent authority, and the principles of equity all require holding the law firms liable for fees. Dfs.' Reply to Law Firms at 5–10. The Court takes each argument in turn.

### a.    Section 1927

Section 1927 authorizes costs, expenses, and fees against "any attorney or person" who vexatiously multiplies proceedings. 28 U.S.C. § 1927. Here, Defendants attempt to use Section 1927 to hold three law firms liable for fees. But the Ninth Circuit has held that Section 1927 "does not permit the award of sanctions against a law firm." *Kaas Law*, 799 F.3d at 1293. The Court thus finds that Fish, Thoits, and Jeffer Mangels are not liable under Section 1927.

In the alternative, Defendants ask that the Court award fees "against each of the individual lawyers who vexatiously multiplied the proceedings on behalf of Elite and who conducted due diligence on the firm's engagement with Elite." Dfs.' Reply to Law Firms at 10. For the Court to do that, Defendants would have needed to name those lawyers and establish that their conduct met

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

the standard set by Section 1927.  Defendants did not do so.

Consequently, the Court finds that Fish, Thoits, and Jeffer Mangels are not liable under Section 1927.

### b.　Inherent Authority

Defendants also ask that the Court hold the law firms liable under the Court's inherent authority.  Dfs.' Reply to Law Firms at 5–9.

Defendants contend that Fish "frivolously filed and prosecuted this lawsuit without any adequate pre-filing investigation."  Dfs.' Reply to Law Firms at 7.  Broadly speaking, Defendants' argument is that Fish did not conduct a proper pre-suit investigation of the statute of limitations, that Fish "masterminded" the litigation, and that Fish repeatedly misrepresented facts to the Court. *Id.*  With respect to Thoits and Jeffer Mangels, Defendants claim that those firms conducted review processes when they took the case but nonetheless misrepresented facts to the Court.  *Id*. at 8–9.  In sum, the argument is that Fish should have conducted a pre-suit investigation, and that Thoits and Jeffer Mangels—which did conduct investigations—learned that their client's suit was frivolous but pursued it anyway.

Bad faith requires that the sanctioned party appreciated the wrongful nature of the conduct and continued it anyway. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 925 (N.D. Cal. 2023).  Defendants posit that because the firms ran on contingency, and because they misrepresented facts to the Court, the firms made the misrepresentations in bad faith. Dfs.' Reply to Law Firms at 8 ("Thoits' motivations are obvious, as it too was 'entitled to 30% of any net settlement or judgment proceeds.'").  But that argument rests on the assumption that the firms knew they were misrepresenting facts to the Court.  Defendants offer no facts to substantiate that assumption—just the inference that because Thoits and Jeffer Mangels investigated the case before taking it on, they must have uncovered the fact that their client knew Anchor's patent

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

predated his own. This one inference is not enough to find that the firms acted with "vindictiveness, obduracy, or *mala fides*." *In re Itel Sec. Litig.,* 791 F.2d at 675.

Consequently, the Court finds that the law firms are not liable for fees under the Court's inherent authority.

### c.    Equitable Principles

Finally, Defendants ask the Court to hold the law firms accountable under equitable principles. Dfs.' Reply to Law Firms at 10. Defendants' argument is that because Elite and Mr. van Loben Sels are unlikely to be able to satisfy the judgment, the Court should allow Defendants to recover from the law firms. *Id.* Defendants cite *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994), in which the Ninth Circuit held that "a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions." But there, the court had already found the plaintiff liable and was simply considering whether it could reduce sanctions for a *pro se* plaintiff. That does not allow a court to sanction parties who—as here—are not independently liable. The law firms are not liable for fees under any equitable principle.

### 3.    Mr. van Loben Sels

Defendants contend that Mr. van Loben Sels should be found liable for fees under Section 1927 and the Court's inherent authority. Dfs.' Reply to Elite and JvLS at 6.

### a.    Section 1927

Again, Section 1927 authorizes costs, expenses, and attorney's fees against "any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Liability requires a finding of subjective bad faith. *MGIC Indem. Corp.*, 952 F.2d at 1122. An attorney acts in bad faith when he or she knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

United States District Court
Northern District of California

Defendants contend that Mr. van Loben Sels acted in bad faith by (1) withholding evidence regarding Elite's awareness of Anchor's patent application, (2) refusing to correct the record once he realized his error, and (3) pursuing an aggressive discovery motion practice in hopes of extracting a settlement. Dfs.' Reply to Elite and JvLS at 6–10. The Court addresses each argument in turn.

Whether Mr. van Loben Sels withheld evidence depends on whether he knew that evidence existed. Mr. van Loben Sels claims that he was not aware of the critical fact—that Elite knew of the Anchor Application in 2013—until December 2022. He blames his client for this failure. Elite's CEO Kevin Leu told Mr. van Loben Sels that he had first seen the Anchor Application in 2019, which would have put Elite's claims within the statute of limitations. This was false: Elite had been aware of the Anchor Application since 2013. JvLS Response, ECF No. 485 at 7–10. A July 14, 2021, deposition, in which defense counsel used the PTO filing as an exhibit, alerted Mr. van Loben Sels to the possibility that Mr. Leu might have seen the Anchor Application earlier than 2019. *Id.* at 9. Mr. van Loben Sels raised the issue with Mr. Leu, but Mr. Leu claimed he had not seen the Anchor Application during the prosecution of Elite's patents. *Id.* at 10. Mr. van Loben Sels concluded that the U.S. patent prosecutors had not shared the Anchor Application with Elite. *Id.*

Defendants contend that even if Mr. van Loben Sels's client did not tell him that Elite knew of the Anchor Application in 2013, his own team did. Dfs.' Reply to Elite and JvLS at 8. In April 2022, Mr. van Loben Sels's team created a privilege log that showed that Mr. Leu received the Anchor Application in 2013. Defendants argue that this shows that, by April 2022, Mr. van Loben Sels knew that Elite had received the Anchor Application in 2013. *Id.* Defendants also allege that the lawyers intentionally gave the document a vague title— "Prosecution of US Appl. No. 13/1338331"—so that Defendants would not realize what the document was. *Id.* But Mr. van

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

Loben Sels claims that he did not personally review the privilege log until December 2022.  JvLS Response at 13.  When he finally reviewed the log and realized the error, he produced the documents immediately.  *Id*.

Bad faith requires knowledge or recklessness.  *New Alaska Dev. Corp.*, 869 F.2d at 1306.  The Court is not convinced that Mr. van Loben Sels knowingly misrepresented Mr. Leu's awareness of the Anchor Application.  Lawyers may rely on a client's statements unless the client's representations are known to be false.  *Est. of Tucker ex rel. Tucker v. Interscope Recs., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008) (collecting cases).  Mr. Leu told Mr. van Loben Sels he had not seen the Anchor Application in 2013, and Mr. van Loben Sels reasonably believed him.  Mr. van Loben Sels also did not carefully investigate the privilege log until months after it was produced, so he did not knowingly misrepresent its contents, either.

The Court is also not convinced that Mr. van Loben Sels acted recklessly.  Recklessness requires "much more than mere negligence: it is a gross deviation from what a reasonable person would do."  *Reckless*, *Black's Law Dictionary* (12th ed. 2024).  Here, Mr. van Loben Sels assigned a senior associate with the task of preparing the privilege log.  JvLS Response at 12.  Though he reviewed the log before it was served, he did not review the logged documents.  *Id*.  A more careful attorney would have reviewed the logged documents, or at least conducted a spot check.  But Mr. van Loben Sels's total reliance on his associate's work—though certainly imprudent and possibly negligent—is not a gross deviation from reasonable behavior and does not constitute recklessness.  *See Tallman v. CPS Sec. (USA), Inc.*, 655 F. App'x 602, 603 (9th Cir. 2016) (distinguishing between imprudence and recklessness).

Next, the Court takes up Defendants' contention that Mr. van Loben Sels "refus[ed] to correct the record" regarding Elite's awareness of the Anchor Application.  The Court finds this argument unavailing, as well.  Dfs.' Reply to JvLS and Elite at 8.  Elite's lawyers—presumably

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

United States District Court
Northern District of California

led by Mr. van Loben Sels—failed to update the third amended complaint with the date that Elite became aware of the Anchor Application. *Id.*; JvLS Reply at 5. Defendants argue this is a sign of bad faith—of pursuing a baseless claim. But without any additional evidence to support that argument, the Court finds that Mr. van Loben Sels was careless, but not reckless.

Finally, the Court considers Defendants' allegation that Mr. van Loben Sels vexatiously multiplied proceedings by withholding evidence and pursuing aggressive discovery. Dfs.' Reply to JvLS and Elite at 9–10; JvLS Reply at 7–8. The Court has already disposed of the notion that Mr. van Loben Sels intentionally or recklessly withheld evidence. And Defendants' complaints about discovery, along with Mr. van Loben Sels's responses, reflect the acrimony and distrust animating the attorneys rather than any actionable bad faith on the part of Mr. van Loben Sels.

In sum, the Court finds that Mr. van Loben Sels is not liable for fees under Section 1927. But the Court is nonetheless disappointed with Mr. van Loben Sels' prosecution of this case. Clearly, there were numerous opportunities throughout the litigation where Mr. van Loben Sels could have realized that the statute of limitations barred his client's claim. Had Mr. van Loben Sels been less dogmatic about his case and perhaps less derisive toward opposing counsel, he would have recognized his error sooner. The Court encourages Mr. van Loben Sels to exercise greater humility in the future.

b.    **Inherent Authority**

Defendants separately invoke the Court's inherent authority as a basis for awarding fees against Mr. van Loben Sels. The Court may award fees under its inherent authority if a party has acted in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Before doing so, however, the Court must make an explicit finding of bad faith. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Here, the Court has not done so. *See supra* Part II.B.3.a. As a result, Mr. van Loben Sels is not liable for fees under the Court's inherent authority.

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

10

#### 4.      Legalist

Finally, Defendants also seek fees from Legalist, Elite's litigation funder.  Defendants argue that Legalist should be held jointly and severally liable along with Elite under federal and California trade secret law or, failing that, through the Court's inherent authority.

Both of these arguments rely on the notion that Legalist controlled the litigation. Defendants argue that litigation funders like Legalist can be held jointly and severally liable when the funder controls what is later found to be vexatious litigation.  Dfs.' Response to Legalist, ECF No. 476 at 3.  Defendants support this argument by pointing to cases in other jurisdictions.  The District of Colorado has found that "[w]hen a separate person or entity funds litigation costs, a number of courts have found that the funding person or entity who also controls what is later found to be vexatious litigation can be deemed a party for purposes of paying costs and attorney's fees." *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-02663-WJM-KMT, 2015 WL 5210655, at *2 (D. Colo. Sept. 8, 2015).  Florida state courts have also held funders liable.  One found that a corporation that funded a lawsuit had sufficient control to make it party to the litigation and thus liable for attorneys' fees and costs.  *Abu–Ghazaleh v. Chaul*, 36 So. 3d 691, 693–94 (Fla. Dist. Ct. App. 2009).  And another found that when a litigation funder used the plaintiff as a mere shell through which to assert frivolous claims, the funder was liable for fees. *Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 489 (Fla. Dist. Ct. App. 2000).

Legalist distinguishes these cases from the one before the Court.  Legalist Br. at 5.  Courts have only found a funder liable when the funder exercised real control over the lawsuit.  This includes things like approving filings, controlling selection of attorneys, reviewing witnesses, and vetoing settlement agreements.  *Stan Lee Media, Inc.*, 2015 WL 5210655, at *2 (citing *Abu-Ghazaleh*, 36 So. 3d at 693–94).  This is not the type of relationship Legalist had with Mr. van Loben Sels or Elite.  The operative contract expressly provided that Elite, not Legalist, retained

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

11

control over settlement. ECF No. 480-1 at 9–10 ("The Plaintiff shall retain control over the conduct of the Claim(s) and in particular over settlement of the Claim(s) with the Defendant."). And Mr. van Loben Sels' declaration states that Legalist did not select or approve counsel, determine litigation strategy, or exercise any authority over settlement offers. ECF No. 498-1 ¶¶ 5–10.

Defendants contest this characterization of the relationship, pointing out that in a previous declaration, Mr. van Loben Sels stated that Legalist reviewed and approved the final version of the complaint. Dfs.' Response to Legalist at 3. Defendants also point out that Legalist required detailed memoranda about the statute of limitations issue before agreeing to fund the case. *Id*. at 4. This shows that Legalist had significant control over one filing—the initial complaint. But the Court finds that this does not rise to the level of control necessary to hold a funder liable.[2] Because Legalist was not a party to and did not control the litigation, Legalist cannot be held jointly and severally liable for fees under the trade secret statutes. This finding also weighs against holding Legalist liable under the Court's inherent authority.

Separately, Defendants contend that even if Legalist did not control the litigation, the Court should nonetheless award fees against Legalist under the Court's inherent authority because Legalist "directly participated in the misconduct at issue in the hopes of profiting off a meritless claim." *Id*. at 4. The Court may exercise its inherent authority to impose fees on a non-party to curb abusive litigation practices. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("a court may impose attorney's fees against a non-party as an exercise of the court's

---

[2] Defendants contend they cannot tell how much control Legalist really had over the litigation without being allowed to pursue discovery. Dfs.' Response to Legalist at 5. But in *Stan Lee Media*, the court only allowed discovery after finding that the party seeking fees had made a colorable argument that the funder had controlled the case. *Stan Lee Media, Inc.* 2015 WL 5210655, at *3. That is not the situation here, so the Court declines to grant discovery.

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

inherent power to impose sanctions to curb abusive litigation practices."). But the party seeking sanctions must make a showing of bad faith. *See supra* Part II.A.2. Defendants have not done so. Legalist acted with appropriate caution, requiring Elite and its counsel to demonstrate the merits of the case, including addressing Legalist's concerns about the statute of limitations. ECF No. 498-2 at 5. This demonstrates diligence—not negligence and certainly not the recklessness or intent required for a showing of bad faith.

In conclusion, the Court finds that Legalist is not liable for fees.

### III.    CONCLUSION

For the reasons stated above, the Court finds Elite liable for fees under federal and California trade secret laws and the Court's inherent authority. The Court finds that Fish, Thoits, Jeffer Mangels, Mr. van Loben Sels, and Legalist are not liable for fees.

Having determined that only Plaintiff Elite is liable, the Court ORDERS as follows:

1. Defendants shall file an opening brief addressing the amount of fees to be awarded **no later than twenty-one days (21 days)** from the date of this Order. Defendants' brief **shall not exceed eight pages**. Defendants shall include Lodestar submissions in support of their brief. Because the Court has found only Elite liable for fees, Defendants' brief shall address how the requested fees reflect only those fees attributable to Elite's conduct.

2. Elite shall file a response **no later than fourteen days (14 days)** after Defendants file their opening brief. Elite's response **shall not exceed eight pages**.

3. Defendants may file a reply **no later than seven days (7 days)** after Elite files its response. Defendants' reply **shall not exceed five pages**.

///

///

///

Case No.: 20-cv-06846-EJD
ORDER ON LIABILITY FOR FEES

**IT IS SO ORDERED.**

Dated: April 22, 2026

EDWARD J. DAVILA
United States District Judge